UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GREGORY ROSSIGNOL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-274 |
| | § | |
| WALMART INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO REMAND AND MOTION TO STRIKE

On July 31, 2018, Plaintiff Gregory Rossignol (Rossignol) filed this action against Wal-Mart, Inc. and Wal-Mart Stores Texas, LLC (collectively, "Wal-Mart") in state court, asserting state law claims for a personal injury arising out of a slip and fall. On September 4, 2018, Wal-Mart removed the case to this Court pursuant to diversity of citizenship jurisdiction, 28 U.S.C. § 1332. D.E. 1. Wal-Mart amended the notice of removal on September 12, 2018, to clarify certain jurisdictional allegations. D.E. 3. Before the Court is Rossignol's motion to remand (D.E. 4) and motion to strike Wal-Mart's answer (D.E. 5). Wal-Mart responded to both motions. D.E. 9; D.E. 10. For the following reasons, the Court DENIES Plaintiff's motion to remand and DENIES Plaintiff's motion to strike. However, the Court ORDERS the parties to replead pursuant to the federal pleading requirements. Fed. R. Civ. P. 81(c)(2).

## DISCUSSION

### A. Motion to Remand

On a motion to remand "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. This strict construction rule arises from federalism concerns and "'due regard for the rightful independence of state governments.'" *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta,* 292 U.S. 263, 270 (1934)).

It is undisputed that the amount in controversy exceeds that required for diversity jurisdiction. It is further undisputed that Plaintiff Rossignol is a Texas citizen and Defendant Wal-Mart, Inc. is not. Instead, Defendant Wal-Mart, Inc. is incorporated under the laws of the State of Delaware with its principal place of business in the State of Arkansas. Therefore, the only issue that threatens diversity jurisdiction is the citizenship of Wal-Mart Stores Texas, LLC.

The citizenship of Wal-Mart Stores Texas, LLC, as a limited liability company, is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). If a member of a limited liability company is another business entity, the citizenship of that entity must also be properly alleged. *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397-98 (5th Cir. 2009). A corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332.

Wal-Mart's pleading and proof demonstrate that Wal-Mart Stores Texas, LLC has one member: Wal-Mart Real Estate Business Trust, a Delaware statutory trust with its principal place of business in Arkansas. Wal-Mart Real Estate Business Trust is solely held by Wal-Mart Property Co., a Delaware corporation with its principal place of business in Arkansas. The Defendant LLC is, therefore, not a Texas citizen. Wal-Mart has thus fully demonstrated that diversity jurisdiction exists. While Rossignol complains that the citizenship of additional entities has not been sufficiently established, those entities are not parties and do not come within the scope of the citizenship analysis for the existing parties. The motion to remand (D.E. 4) is DENIED.

### B. Motion to Strike

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice." *Veranda Associates, L.P. v. Hooper,* 496 Fed. App'x 455, 458 (5th Cir. 2012) (citing *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 869 (5th Cir. 1962)). Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

Plaintiff's motion to strike (D.E. 5) complains of Wal-Mart's state court answer in that it asserts a general denial, which is inconsistent with its acceptance of certain of Rossignol's jurisdictional allegations necessary for its removal. *See* Fed. R. Civ. P. 8(b)(3). Under that pleading rule, "A party that does not intend to deny all the allegations

must either specifically deny designated allegations or generally deny all except those specifically admitted." The Court construes the allegations in the notice of removal (D.E. 1) and its amendment (D.E. 3) to have amended Wal-Mart's answer to effectively except from the general denial those of Plaintiff's jurisdictional allegations that it admitted.

For that reason, the Court DENIES the motion to strike. However, in the interest of advancing the disposition of this case and minimizing technical hurdles, pursuant to Rule 81(c)(2), the Court ORDERS all parties to replead to fully comply with federal pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## CONCLUSION

For the reasons set out above, the Court DENIES Plaintiff's motion to remand (D.E. 4) and DENIES Plaintiff's motion to strike (D.E. 5). Plaintiff is ORDERED to replead pursuant to federal pleading standards on or before December 21, 2018. Defendants are ORDERED to replead pursuant to federal pleading standards on or before January 4, 2019.

ORDERED this 12th day of December, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE